# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL D. SMITH,

    *Petitioner*,

vs.

WARDEN BURNS, *et al.,*

    *Respondents*.

3:12-cv-00132-LRH-WGC

ORDER

    Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas petition.

    The matter has not been properly commenced because the pauper application is not on the proper form and does not include the required attachments.

    Under Local Rule LSR 1-1, an application to proceed *in forma pauperis* must be submitted on the Court's required form. Petitioner instead submitted the application on a form for an application to appeal *in forma pauperis*. A federal habeas action is not an appeal.

    Moreover, under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner attached neither.

    The application therefore will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application on the proper form with all required attachments. It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new petition being untimely or otherwise impact issues such as exhaustion of state remedies. In this regard, petitioner at all times remains responsible for calculating

the running of the federal limitation period as applied to his case, properly commencing a timely-filed federal habeas action, and properly exhausting his claims in the state courts.[1]

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find dismissal of the improperly-commenced action without prejudice debatable or wrong.

The Clerk of Court shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 13th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The papers on file and the online docket records of the state courts reflect the following.

Petitioner was convicted, pursuant to a guilty plea, of home invasion and sentenced to 48 to 120 months. The judgment of conviction was filed on August 6, 2010, and petitioner was given credit for 93 days served. Petitioner did not file a direct appeal, but he did file a timely state post-conviction petition on or about February 15, 2011. The state district court denied relief in an order filed on or about November 16, 2011. Petitioner's December 29, 2011, appeal from the denial of his petition was dismissed as untimely by the Supreme Court of Nevada on February 24, 2012.

It thus would appear that petitioner has some time left in the federal one-year limitation period. However, he has not exhausted any claims in the state courts by fairly presenting the claims in the Supreme Court of Nevada in a procedural context in which the claims would be addressed on the merits – given the lack of a direct appeal and the failure to timely appeal the denial of state post-conviction relief.

Accordingly, even if this Court were to appoint counsel herein to investigate petitioner's conclusory allegations of mental illness and "being off his meds" at the time of his plea, the federal action nonetheless would remain subject to immediate dismissal because petitioner has not exhausted any claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001); *see also Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008). There is no constitutional right to counsel in either state or federal post-conviction proceedings, and petitioner demonstrated the ability to seek relief *pro se* when he filed a timely state post-conviction petition initially. The Court notes that, at this point, petitioner is approaching the half-way point vis-à-vis the 48 month minimum on the sentence entered following his guilty plea.